# EXHIBIT C-1

FILED
2024-CCL-00625
9/5/2024 7:18 PM
Sylvia Garza-Perez
Cameron County Clerk

CAUSE NO._____

| | | |
|---|---|---|
| **OCEAN VISTA TOWERS** | § | **IN THE COUNTY COURT** |
| **CONDOMINIUM, INC.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **AT LAW NO. _____** |
| | § | |
| **THE HARTFORD STEAM BOILER** | § | |
| **INSPECTION AND INSURANCE COMPANY** | § | |
| **Defendant.** | § | **CAMERON COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

OCEAN VISTA TOWERS CONDOMINIUM, INC. (hereinafter "PLAINTIFF"), and files its Original Petition against THE HARTFORD STEAM BOILER INSURANCE COMPANY (hereinafter "DEFENDANT"), showing the Court the following:

### Jurisdiction and Venue

Venue of this action is proper in CAMERON County, Texas because the Policy was issued and delivered in CAMERON County, Texas, the Property is located in CAMERON County, Texas, PLAINTIFF'S losses occurred in CAMERON County, Texas, and all of the events, which form the basis of this lawsuit, occurred in CAMERON County, Texas.

### Service of Process

DEFENDANT, may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service at:

**Registered Agent Solutions, Inc. 1701 Directors Blvd Ste. 300, Austin, Texas 78744-1044.**

DEFENDANT is in the business of providing insurance in the State of Texas. The insurance business done by DEFENDANT in Texas includes, but is not limited to the following:

1.      The making and issuing of contracts of insurance with the PLAINTIFF;

1

2.    The taking or receiving of application for insurance, including PLAINTIFF'S application for insurance;

3.    The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF;

4.    The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF;

5.    The adjusting and inspection of PLAINTIFF'S insurance claims;

6.    Making insurance coverage decisions;

7.    Taking part in making insurance coverage decisions; and

8.    Making representations to PLAINTIFF as being an agent for an insurance company with authority to make coverage decisions;

### Discovery

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, PLAINTIFF seeks damages of monetary relief of $250,000 or less. PLAINTIFF intends to conduct discovery in accordance with the applicable rules of the Texas Rules of Civil Procedure.

### Conditions Precedent

All conditions precedent have been waived by the insurance company, performed by Plaintiff, or otherwise satisfied. Despite this, DEFENDANT failed and refuses to pay PLAINTIFF a just amount, in accordance with their contractual obligations, agreements, and representations. Defendant's material breach and noncompliance of the material terms of the insurance contract discharges and excuses Plaintiff's duty to further perform under the contract. *Mustang Pipeline Co., Inc. v. Driver Pipeline Co. Inc.*, 134 S.W.3d 195, 196 (Tex. 2004).

2

## Facts

PLAINTIFF owns the property located at: 2800 Gulf Blvd., South Padre Island, Texas 78597 (hereinafter "the Property"). The property was covered under Policy # FBP2269024 and Claim # 000835046 (hereafter "the Policy"). DEFENDANT provided coverage to the PLAINTIFF for the Property, personal property, and other matter.

During the term of the Policy, PLAINTIFF sustained covered losses in the form of a hail/windstorm event on or about May 14, 2023, in CAMERON County. This includes storm damage, and water damage resulting therefrom, to the PLAIINTIFF'S generator. The Property sustained damage, which includes, but is not limited to, the cost of removal and replacement of the damaged Property.

PLAINTIFF promptly reported losses to DEFENDANT pursuant to the Policy.

PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conduct business during the pendency of DEFENDANT'S conduct.

## Causes of Action

### A.    Breach of Contract

PLAINTIFF purchased the Policy from DEFENDANT. PLAINTIFF'S property was damaged by the hail/windstorm and water damage, which is covered under the Policy. DEFENDANT has denied and/or delayed payment of PLAINTIFF'S covered claims.

DEFENDANT has no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. DEFENDANT knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of DEFENDANT was irresponsible and unconscionable. DEFENDANT took advantage of the PLAINTIFF'S lack

3

of sophistication in insurance and construction matters to a grossly unfair degree. DEFENDANT has, by its conduct, breached its contract with the PLAINTIFF. The conduct of DEFENDANT has proximately caused the injuries and damages to the PLAINTIFF.

Any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF have been substantially complied with and are excused.

PLAINTIFF argues that instances of waiver and estoppel apply to every defense or exclusion plead by DEFENDANT as to any exclusion, condition, or defense pled by DEFENDANT, PLAINTIFF would show that:

1. The clear and unambiguous language of the Policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the Policy is void as against public policy;

2. Any other construction and its use by DEFENDANT violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF'S predecessor policy with DEFENDANT. In this regard, PLAINTIFF would show that its insurance Policy was renewed uninterruptedly for many years; and

4

6.  The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the Policy, the rules of construction mandate that the construction and interpretation skew in favor of the PLAINTIFF. DEFENDANT is judicially, administratively, or equitably estopped from denying PLAINTIFF'S construction of the Policy coverage. When the text of the Policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake, thus requiring reformation.

**B.     DTPA Violations**

PLAINTIFF is a "consumer" entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, DEFENDANT has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF'S damages:

(a)     DEFENDANT made false representations about PLAINTIFF'S rights, remedies, and obligations under the Policy. This was a misrepresentation of the Policy and its benefits, violating §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)     DEFENDANT'S actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)     DEFENDANT failed to disclose information to PLAINTIFF concerning the nature and extent of the Policy, which was known by DEFENDANT at the time for the purpose of inducing PLAINTIFF into transactions which it would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

5

(d)    DEFENDANT violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to

relief under section 17.50(a)(4), Texas Business and Commerce Code.

DEFENDANT took advantage of PLAINTIFF'S lack of knowledge in construction and

processes of insurance claims, it misrepresented losses covered under the Policy, and it failed to

disclose pertinent information regarding damages to the Property. DEFENDANT conduct was a

producing cause of damage to PLAINTIFF, for which PLAINTIFF sues. The conduct of the

DEFENDANT was more than just a mistake; it was done knowingly and intentionally. Thus,

DEFENDANT is subject to liability for additional damages under the Texas Deceptive Trade

Practices Act, which PLAINTIFF is seeking, in an amount not to exceed three times the amount

of economic damages.

**C.    Unfair Insurance Practices**

DEFENDANT failed to inform PLAINTIFF of material facts, such as the scope of

damage and cost to repair the Property. DEFENDANT failed to properly process claims and

misrepresented material facts to the PLAINTIFF. DEFENDANT has failed to address all damage

to the property and its contents causing further damage to the PLAINTIFF. Further,

DEFENDANT intentionally failed to adequately investigate the loss, properly convey

information to PLAINTIFF, and intentionally ignored damage to the Property. The property

suffered from covered losses and damage, which DEFENDANT is fully aware of, yet, it has

concealed damage known by it to exist. DEFENDANT has known about covered windstorm and

water damage but failed to perform proper testing. DEFENDANT has failed to warn

PLAINTIFF of consequential damage to their property.

By its conduct outlined above, DEFENDANT committed unfair practices in the business

of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and

regulations incorporated therein. DEFENDANT committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)    DEFENDANT failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF'S claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)    DEFENDANT failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)    DEFENDANT refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)    DEFENDANT breached its duty of good faith and fair dealing at common law;

(5)    DEFENDANT failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(6)    DEFENDANT compelled PLAINTIFF to institute a suit to recover an amount due under the Policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(7)    DEFENDANT violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(8) DEFENDANT committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

 (a) DEFENDANT caused the making, issuance, and circulation an estimate, illustration, circular or statement misrepresenting the Policy issued or to be issued:

  (i) the terms of the Policy; and

  (ii) the benefits or advantages promised by the Policy.

 (b) DEFENDANT made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

 (c) DEFENDANT failed to state a material fact necessary to make other statements made not misleading, considering the circumstances under which statements were made; and

 (d) DEFENDANT made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

 (e) DEFENDANT refused to make a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the Policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11);

DEFENDANT's conduct was a cause of damage to PLAINTIFF, for which it now sues.

**D. Breach of the Duty of Good Faith and Fair Dealing**

From the time the PLAINTIFF'S claims were presented to DEFENDANT, liability to pay the claims in accordance with the terms of insurance policies referenced above has been

reasonably clear. Despite there being no reasonable basis for the denial and delay payment, DEFENDANT refused to accept the claims in totality and pay the PLAINTIFF as the Policy required. DEFENDANT committed these acts without the exercise of reasonable diligence.

DEFENDANT failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTIFF'S claims in good faith, an affirmative duty placed on DEFENDANT, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, DEFENDANT breached its duty to deal fairly and in good faith with the PLAINTIFF. DEFENDANT'S breach was a proximate cause of the losses, expenses and damages suffered by PLAINTIFF, for which it is suing.

**E.   Texas Insurance Code, Chapter 542 Violations**

PLAINTIFF gave prompt notice of these claims to DEFENDANT. DEFENDANT has engaged in unfair settlement claims practices, in the denial and delay of payment. DEFENDANT'S reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. DEFENDANT'S investigation and use of adjusters' reports was an "outcome-oriented" investigation. DEFENDANT failed to comply with the requirements of Chapter 542 listed herein:

(a)    Failing to pay PLAINTIFF'S claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

      (b)      Failing to request all of the items, statements and forms the DEFENDANT reasonably believed at the time would be required from PLAINTIFF to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code, Chapter 542, PLAINTIFF is entitled to recover the statutory penalty of 5%, plus the interest rate under Section 304.003 of the Texas Finance Code, on all amounts due on PLAINTIFF'S claims, along with attorney's fees.

**F.**    **Texas Business and Commerce Code Violations**

The acts and omissions of DEFENDANT, its agents, adjusters, employees and representatives were committed knowingly, willfully, intentionally, and with specific and predetermined intention of enriching it, PLAINTIFF's expense. Plaintiff requests exemplary damages pursuant to 17.50(b)(1) of the Texas Business and Commerce Code and § 541.152(b) of the Tex. Ins. Code, to punish DEFENDANT for, and to deter, these unconscionable acts.

<b>Jury Demand</b>

PLAINTIFF requests that this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

<b>Prayer</b>

PLAINTIFF requests this Honorable Court for the following relief: that upon final hearing and trial, under the facts set forth in this or any amended pleading in exceeding the minimal jurisdictional limits, this Court grants PLAINTIFF any relief that it may show itself justly entitled to, either at law or in equity, including a declaratory judgment, judgment against the DEFENDANT for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas Insurance Code violations, statutory penalties, pre-judgment and post-judgment interest, and any additional damages and punitive damages.

10

**Required Disclosures**

Under Texas Rule of Civil Procedure 194, PLAINTIFF requests that DEFENDANT disclose, within 30 days of filing its answer, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

*/s/ Omar Ochoa*
Omar Ochoa
Tex. Bar No. 24079813
**OMAR OCHOA LAW FIRM PC**
121 N. 10th Street
McAllen, Texas 78501
Tel: (956) 630-3266
oochoa@omarochoalaw.com

*/s/ Victor Rodriguez Jr.*
Victor Rodriguez Jr.
Tex. Bar No. 24041809
**VICTOR RODRIGUEZ LAW FIRM PLLC**
121 N. 10th Street
McAllen, Texas 78501
Tel: (956) 630-3266
victor@vrodriguezlaw.com

***ATTORNEYS FOR PLAINTIFF***

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexis Saenz on behalf of Omar Ochoa
Bar No. 24079813
asaenz@omarochoalaw.com
Envelope ID: 91756726
Filing Code Description: Petition
Filing Description:
Status as of 9/9/2024 9:25 AM CST

Associated Case Party: OCEAN VISTA TOWERS CONDOMINIUM, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sabrina Vela | | svela@omarochoalaw.com | 9/6/2024 6:26:33 PM | SENT |
| Alexis Saenz | | asaenz@omarochoalaw.com | 9/6/2024 6:26:33 PM | SENT |
| Victor Rodriguez | | Victor@vrodriguezlaw.com | 9/6/2024 6:26:33 PM | SENT |
| Robert Ramos | | rramos@omarochoalaw.com | 9/6/2024 6:26:33 PM | SENT |
| Omar Ochoa | | oochoa@omarochoalaw.com | 9/6/2024 6:26:33 PM | SENT |