# EXHIBIT C-2

FILED
2024-CCL-00625
11/20/2024 12:59 PM
Sylvia Garza-Perez
Cameron County Clerk

## CAUSE NUMBER 2024-CCL-00625

| | | |
|---|---|---|
| **OCEAN VISTA TOWERS CONDOMINIUM, INC.** § § § | | **IN THE COUNTY COURT** |
| *Plaintiff,* § § § | | |
| **V.** § § § | | **AT LAW NO. 5** |
| **THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY** § § § § § | | |
| *Defendant,* § | | **CAMERON COUNTY, TEXAS** |

## DEFENDANT THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, ("Defendant"), in the above-entitled and numbered cause, and makes and files this its Original Answer, and respectfully shows the Court the following:

1.  At this time, Defendant asserts a General Denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests that the Court and Jury require Plaintiff to prove Plaintiff's claims, charges and allegations by a preponderance of the evidence as required by the Constitution and Laws of the State of Texas.

2.  Pleading further, and in the alternative, Defendant says that the Plaintiff has failed to comply with the pre-suit notice requirements prescribed under the Texas Insurance Code Section 542A and the Texas Insurance Code Section 541.154. By way of additional pleading, Defendant says that the Plaintiff's claims and causes of action herein should be abated pending compliance with the statutory notice provisions set forth in the Texas Insurance Code.

1

11064700 v1 (74922.00002.000)

3. Pleading further, and in the alternative, Defendant says that the insurance claims made the subject of this lawsuit are limited, restricted and otherwise governed by the terms, conditions, exclusions and provisions set forth in the insuring agreement which is the subject of this lawsuit.

4. Pleading further, and in the alternative, Defendant would show that at all times material to this lawsuit it exercised good faith in the handling of this claim and that its claim decisions were at all times reasonably based taking into account the terms and provisions of the insuring agreement applicable to the claims in question.

5. Pleading further, and in the alternative, Defendant asserts the absence of legal causation with respect to the Plaintiff's claims herein.

6. Pleading further, and in the alternative, Defendant says that the discovery in this case may show that the Plaintiff's claims and causes of action are barred by the doctrine of estoppel by contract.

7. Pleading further, and in the alternative, Defendant specifically denies any contention or allegations on the part of the Plaintiff that all conditions precedent to Plaintiff's right to recovery have been fully performed or have been waived by Defendant.

8. Pleading further, and in the alternative, Defendant says that the Plaintiff's claims and causes of action are barred, in whole or in part, by the economic loss doctrine under applicable law.

9. Pleading further, and in the alternative, and with respect to Plaintiff's claims seeking punitive/exemplary damages and/or other penalty damages herein, Defendant would show that such damages are inappropriate and impermissible under the law due to the following:

   a. That punitive or exemplary damages are criminal, or quasi-criminal in nature, and the Plaintiff should be required to prove the basis of such damages beyond a reasonable

      doubt and the failure to require the same is a denial of due process under the law and a denial of equal protection of the law as prescribed under the Unites States Constitution and the Constitution of the State of Texas.

b. An award of punitive or exemplary damages would constitute a taking of property without due process of law as guaranteed by the United States Constitution and the Constitution of the State of Texas.

c. It is a denial of due process of law and of equal protection of the law under the United States Constitution and the Constitution of the State of Texas to permit a corporation to be vicariously liable for punitive or exemplary damages which were awarded on the basis of alleged acts or omissions of employees, agents or representatives of the corporation under the doctrine of Respondeat Superior or any other vicarious liability doctrine.

d. Punitive and/or exemplary damages provide unjust enrichment by reason of the unconstitutional taking of property without due process as provided under the United States Constitution and the Constitution of the State of Texas.

e. Under the Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that both on its fact and in application, it denies Defendant due process of law and equal protection of the law as provided under the United States Constitution and the Constitution of the State of Texas.

f. Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that it prevents courts and juries from consistently applying the law and further prevents effective judicial review of such punitive damage awards.

g. Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that the basis of such damages cannot be clearly and readily identified in advance so as to guide the behavior of individuals and their actions, thus constituting an ex-post facto law specifically prohibited by the United States Constitution and the Constitution of the State of Texas.

h. An award of punitive and exemplary damages would violate the excessive fines clause of the Eighth Amendment as applied to the Fourteenth Amendment of the United States Constitution.

10. Pleading further, and in the alternative, Defendant asserts the procedural and monetary limitations on the recovery of punitive damages as set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

11. Pleading further, and in the alternative, Defendant is not liable to Plaintiff because Defendant's obligation to perform under the insurance contract were discharged when Plaintiff materially breached the policy terms.

12. Pleading further, and in the alternative, Defendant is not liable to Plaintiff because Plaintiff's own acts or omissions proximately caused or contributed to Plaintiffs' injury.

13. Pleading further, and in the alternative, Defendant is not liable to Plaintiff for policy benefits because the policy does not cover the insurance claim the Plaintiff's legal claim is based on.

14. Pleading further, and in the alternative, Defendant invoke Rule 193.7 of the Texas Rules of Civil Procedure and hereby gives notice of its intention to use any and all documents produced in discovery responses in this cause as evidence in any pre-trial and/or trial proceedings.

15. Pleading further, and in the alternative, Defendant says that the occurrence in question, as well as the damages complained of herein, were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, responsibility or other conduct on the part of the Plaintiff, third parties, other parties, settling persons and/or responsible third-parties for whom Defendant is not legally responsible. By reason thereof, Defendant says that their legal liability herein, if any, is as prescribed under Chapters 32 and 33 of the Texas Civil Practice & Remedies Code and as otherwise provided under applicable law.

16. Pleading further, and in the alternative, Defendant says that in the event it is found liable to the Plaintiff herein, any such liability being expressly denied, then, in that event, Defendant says that it is entitled to contribution, credit and/or indemnity as provided by the laws and statutes of the State of Texas, including, but not limited to the provisions of Chapters 32 and 33 of the Texas Civil Practice & Remedies Code, as well as other applicable laws and statutes.

17. Pleading further, and in the alternative, Defendant would show that the discovery in this case may show that the Plaintiff failed to mitigate her damages herein as required under applicable law and, therefore, any such claims or causes of action are barred to that extent.

18. Defendant intends to prove and seek a finding that this suit was brought in bad faith or for the purpose of harassment, which entitles Defendant to attorney fees and court costs under Texas Insurance Code section 541.153.

19. Defendant respectfully demand a trial by jury on all contested issues of fact.

WHEREFORE, PREMISES CONSIDERED, Defendant pray that Plaintiff takes nothing by Plaintiffs' suit against your said Defendant, that Defendant have contribution and/or indemnity from other persons or parties who may be liable herein, that Defendant be discharged with their costs and attorneys fees and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Andrew J. Sarne*
    Andrew J. Sarne
    State Bar No. 00797980
    ASARNE@KRCL.COM
    Chris C. Pappas
    State Bar No. 15454300
    CPAPPAS@KRCL.COM
    Logan R. Burke
    State Bar No. 24073978
    LBURKE@KRCL.COM
    Francis J. Leaf
    State Bar No. 24138220
    FLEAF@KRCL.COM
    5151 San Felipe, Suite 800
    Houston, Texas 77056
    Telephone: 713.425.7400
    Facsimile: 713.425.7700

**ATTORNEYS FOR DEFENDANT THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been sent to all known counsel pursuant to the Texas Rules of Civil Procedure on this the 20th day of November 2024.

*/s/ Andrew J. Sarne*
Andrew J. Sarne

6

11064700 v1 (74922.00002.000)

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Toni Gonzales on behalf of Andrew Sarne
Bar No. 797380
tgonzales@krcl.com
Envelope ID: 94514776
Filing Code Description: Answer/Response
Filing Description: Defendant The Hartford Steam Boiler Inspection and Insurance Company's Original Answer
Status as of 11/20/2024 1:15 PM CST

Associated Case Party: OCEAN VISTA TOWERS CONDOMINIUM, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Victor Rodriguez | | Victor@vrodriguezlaw.com | 11/20/2024 12:59:59 PM | SENT |
| Robert Ramos | | rramos@omarochoalaw.com | 11/20/2024 12:59:59 PM | SENT |
| Omar Ochoa | | oochoa@omarochoalaw.com | 11/20/2024 12:59:59 PM | SENT |
| Sabrina Vela | | svela@omarochoalaw.com | 11/20/2024 12:59:59 PM | SENT |
| Alexis Saenz | | asaenz@omarochoalaw.com | 11/20/2024 12:59:59 PM | SENT |
| Brenda Pena | | bpena@omarochoalaw.com | 11/20/2024 12:59:59 PM | SENT |

Associated Case Party: THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Andrew Sarne | | asarne@krcl.com | 11/20/2024 12:59:59 PM | SENT |
| Toni AnnGonzales | | tgonzales@krcl.com | 11/20/2024 12:59:59 PM | SENT |
| Christopher Pappas | | cpappas@krcl.com | 11/20/2024 12:59:59 PM | SENT |
| Logan Burke | | lburke@krcl.com | 11/20/2024 12:59:59 PM | SENT |
| Frank Leaf | | fleaf@krcl.com | 11/20/2024 12:59:59 PM | SENT |
| Krystal Clayton | | kclayton@krcl.com | 11/20/2024 12:59:59 PM | SENT |
| Debra Bell | | dbell@krcl.com | 11/20/2024 12:59:59 PM | SENT |